UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS

EASTERN DIVISION

CASE NO.:

MARGARITO GALVAN-RAMIREZ,

      Plaintiff,

vs.

TECZA LANDSCAPE GROUP, INC.
and V.I.P PROPERTY MAINTENANCE, INC.,

      Defendants

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MARGARITO GALVAN-RAMIREZ, through counsel, sues Defendants, TECZA LANDSCAPE GROUP, INC. and V.I.P PROPERTY MAINTENANCE, INC. (Collectively "Defendants"), and alleges the following:

## THE PARTIES

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay overtime pay to Plaintiff for all time worked in excess of forty (40) hours in one or more individual workweeks.

2. Plaintiff resides in and is domiciled within this judicial district.

3. In the prior three years, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

4. Defendants were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §

203(d), and the IMWL, 820 ILCS § 105/3(c).

5. Defendants TECZA LANDSCAPE GROUP, INC., and V.I.P PROPERTY MAINTENANCE, INC. are Illinois corporations with their principal place of business located within this judicial district.

6. Defendants TECZA LANDSCAPE GROUP, INC. and V.I.P PROPERTY MAINTENANCE, INC. are individually and/or jointly an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A). Specifically, Defendants were in the business of property and landscape maintenance.

7. At all times material hereto, both Defendants Defendants TECZA LANDSCAPE GROUP, INC. and V.I.P PROPERTY MAINTENANCE, INC., jointly controlled Plaintiff's employment thereby qualifying them as joint employers as more fully defined by 29 C.F.R. 791.2(a). Specifically, during Plaintiff's employment with Defendants, amongst other things:

   a. Plaintiff worked interchangeably for both Defendants and both Defendants shared the same employees;

   b. Plaintiffs received instructions and directives from the same management irrespective of which location he worked at;

8. During the course of Plaintiff's employment by Defendants, Plaintiff handled goods. material and/or equipment that moved in interstate commerce.

9. During the course of Plaintiff's employment by Defendants, Plaintiff was employed as a laborer and working foreman and was not exempt from the overtime wage provisions of

the FLSA, 29 U.S.C. §201, *et seq*. or the minimum/overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. and was misclassified as exempt.

### JURSDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 10, as if fully set forth herein.

11. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) half-time overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

12. In one or more individual work weeks (pay period ending 8/23/12 to the present), Defendants did not compensate Plaintiff at a rate of one and one-half times the regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

13. Defendant willfully violated the Fair Labor Standards Act by failing to pay Plaintiff all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally as follows:

   A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

   B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

    C.    Reasonable attorney's fees;

    D.    Costs incurred in filing this action; and

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW "(IMWL")
## OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 10, as if fully set forth herein.

14. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

15. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

16. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times the regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

17. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in one or more individual work weeks.

18. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally as follows:

4

A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

C. Reasonable attorney's fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: August 23, 2015

        Respectfully submitted,

        James M. Loren, Esquire
        Loren Law Group
        100 S. Pine Island Rd - Suite 132
        Plantation, FL 33324
        Phone:    (954) 585-4878
        Facsimile (954) 585-4886
        E-Mail: JLoren@Lorenlaw.com

        ***/s/ James M. Loren***
        _____
        James M. Loren, Esquire

        Goldberg & Dohan, P.C.
        Kimberly Coffey, Esquire
        1700 Park Street - Suite 103
        Naperville, IL 60563
        Phone:    (800) 719-1617 x 1032
        Facsimile: (888)272-8822
        E-Mail: KCoffey@GoldbergDohan.com

        ***/s/ Kimberly Coffey***
        _____
        Kimberly Coffey, Esquire